# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| QUENTIN GRAYS, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )    No. 4:11-CV-0886-DGK |
| | ) |
| UNITED STATES, | ) |
| | ) |
|     Respondent. | ) |

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF AND CERTIFICATE OF APPEALABILITY

This motion arises out of Movant Quentin Grays' conviction for being a felon in possession of a firearm. He is currently serving a sentence of 108 months imprisonment.

Pending before the Court is Grays' *pro se* "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence" (Doc. 1). Grays contends the Court should vacate his conviction and sentence because the Court committed errors during his sentencing hearing and because his attorney was constitutionally ineffective for failing to prevail on these issues.

The Court finds an evidentiary hearing is unnecessary and the motion should be denied because Grays is barred from raising the sentencing issues and because his attorney did not render ineffective assistance of counsel. The Court also declines to issue a certificate of appealability.

## BACKGROUND

The history of this case can be summarized as follows.

> Kansas City police arrested Grays, already a felon at the time, in May 2008 for evading officers and committing traffic violations during a car chase. A search incident to the arrest revealed he had in his possession a Ruger handgun and small quantities of crack, cocaine, and marijuana. A year later, in May 2009, Grays sold crack to a confidential informant (CI). The next

month the same CI informed police that Grays was armed and driving a 2002 Chevrolet Tahoe. A tactical squad acting on the tip found the Tahoe unattended in a shopping center parking lot. When Grays emerged from the shopping center, he saw the waiting police and fled on foot. He pulled a Glock handgun from his waistband and flung it under a parked car before officers overtook and arrested him. They searched Grays and discovered he had $5350 in cash on him, including 200 twenty dollar bills. Officers inventoried Grays' Tahoe after his arrest and found 13.91 grams of crack inside. They also recovered the handgun Grays had tossed away.

Grays was indicted on two counts of being a felon in possession of a firearm, one count for the Ruger he had in 2008 and the other for the Glock he was carrying in 2009. Without a written plea agreement Grays pled guilty to the count charging possession of the Ruger, and the government dismissed the remaining charge. At sentencing Detective Don Stanze testified about the 2009 arrest. He said that the amount of crack found in the Tahoe made it likely that it was intended for distribution rather than personal use. He also said that twenty dollar bills are commonly used in the drug trade. Grays' sister, Keaira Grays, testified on his behalf. She said that she had given Grays $5000 in cash on June 6, 2009, as a down payment toward her purchase of his Tahoe. She did not claim to have any personal knowledge of whether Grays had that cash with him on the day of his arrest.

The district court did not credit Keaira Grays' testimony because of internal inconsistencies in her story. The court instead credited officer Stanze's testimony and found that the $5350 in cash was connected to Grays' drug business. In calculating Grays' sentence, the district court applied the cross reference at United States Sentencing Guidelines § 2K2.1(c)(1), which is triggered when a defendant possesses a firearm in connection with an underlying offense. The presentence report (PSR) had identified the underlying offense as drug trafficking.

The court adopted the PSR and applied § 2D1.1 of the sentencing guidelines, which requires a calculation of the quantity of drugs involved in order to determine the offense level. The court took into account the amount of crack, cocaine, and marijuana involved in the 2008 arrest, the sale to the CI, and the 2009 arrest. It also accounted for the cash found on Grays by calculating how much crack $5350 would represent, using a rate of $65 per 1.58 grams (the amount the CI paid Grays for the 1.58 grams of crack he purchased in 2009). Pursuant to application note 10 of § 2D1.1, the court converted the crack and cocaine into their

2

>marijuana equivalents and totaled the marijuana involved. Grays'
>guideline sentencing range was calculated to be 87 to 108 months.
>The court sentenced him to 108 months.

*United States v. Grays*, 638 F.3d 569, 570-71 (8th Cir. 2011).

Grays appealed his sentence. On May 2, 2011, the United States Court of Appeals for the Eighth Circuit affirmed his sentence, holding there was sufficient evidence to support the Court's finding that he possessed the Glock in connection with the offense of drug trafficking and that the Court did not err in converting the seized money into a quantity of drugs. *Id.* at 571-72.

Grays subsequently timely filed the pending post-conviction motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Grays presents three claims for relief. First, he contends the Court erred in determining his base offense level by converting the currency found in his possession to its drug equivalent because he was never charged with any drug offense. Mot. at 4. Second, Grays argues the Court erred in finding that he possessed a firearm in connection with the commission of another offense. Mot. at 7, 10-11. Third, Grays alleges he was the victim of ineffective assistance of counsel at his sentencing hearing. All of these claims are without merit.

**A.     Gray is barred from litigating his first two claims because they were raised and ruled on in his direct appeal.**

The Court cannot adress Grays first two claims because the Court of Appeals has already ruled on these claims, and "[i]t is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003). The law of the case doctrine requires that the decisions by the Eighth Circuit, handed down on direct appeal, remain undisturbed in subsequent proceedings absent an

3

intervening change in controlling law. *Baranski v. United States*, 515 F.3d 857, 861 (8th Cir. 2008). Here Grays asserts in his first argument that the currency found at the time of his arrest should not have been converted to its drug equivalent in determining his sentence. However, Grays raised this exact issue on appeal, and the Eighth Circuit affirmed that Grays possessed the currency in connection with the drugs he was found to be distributing. *Grays*, 638 F.3d at 571-72. Likewise, Grays' second argument fails because the Eighth Circuit also affirmed that U.S.S.G. §2K2.1(c)(1) does not require a criminal charge be brought or a conviction obtained, thus the Court could consider evidence of drug trafficking in his 2009 arrest in enhancing his sentence. *Id*. at 571. Accordingly, Grays' first two claims fail.

**B.     Grays did not receive ineffective assistance of counsel.**

Grays also argues his attorney's performance was constitutionally deficient because counsel was allegedly "not ready for sentencing and failed to investigate the sentencing issues." Mot. at 13. To succeed on a claim of ineffective assistance of counsel, a movant must show that "(1) trial counsel's performance was so deficient as to fall below an objective standard of the customary skill and diligence displayed by a reasonable competent attorney, and (2) trial counsel's deficient performance prejudiced the defense." *Armstrong v. Kemna*, 534 F.3d 857, 863 (8th Cir. 2008) (citing *Strickland v. Washington*, 466 U.S. 668, 687-94 (1984)). Thus, the analysis contains two prongs, a performance prong and a prejudice prong. *See Lawrence v. Armontrout*, 961 F.2d 113, 115 (8th Cir. 1992). Failure to satisfy either prong is fatal to the claim. *See Pryor v. Norris*, 103 F.3d 710, 713 (8th Cir. 1997).

Judicial review of trial counsel's performance is highly deferential, "indulging a strong presumption that counsel's conduct falls within the wide range of reasonable professional judgment." *Middleton v. Roper*, 455 F.3d 838, 846 (8th Cir. 2006). Trial counsel's "strategic choices made after thorough investigation of law and facts relevant to plausible options are

virtually unchallengeable." *Strickland*, 466 U.S. at 690. Strategic choices made in the shadow of a lack of preparation or investigation, however, are not protected by the same presumption. *Armstrong*, 534 F.3d at 864.

In the present case, Grays' attorney was not ineffective because he did not persuade this Court to adopt his position on the sentencing issues. As discussed above, the Eighth Circuit Court of Appeals has held that the Court correctly calculated the appropriate guideline sentencing range in this case, thus the performance of counsel was not deficient. Additionally, Grays was not prejudiced because if his attorney had persuaded the Court to make an incorrect ruling, the Eighth Circuit would have corrected this error on appeal, leaving Grays in the same position. Accordingly, there was no ineffective assistance of counsel here.

**C.     No evidentiary hearing is required.**

"A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks omitted). "No hearing is required, however, 'where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" *Id*. (quoting *Watson v. United States*, 493 F.3d 960, 963 (8th Cir. 2007)); *see also Sanders v. United States*, 347 F.3d 720, 721 (8th Cir. 2003) (holding a § 2255 motion may be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle him to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

In the present case, Grays' first two claims are foreclosed by the Court of Appeals' previous ruling, and the ineffective assistance of counsel claim is inadequate on its face. Consequently, no evidentiary hearing is required or will be held.

5

**D.     No certificate of appealability should be issued.**

In order to appeal an adverse decision on a § 2255 motion, a movant must first obtain a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B).  District courts customarily address this issue contemporaneously with the order on the motion.  *See Pulliam v. United States*, No. 10-3449-CV-S-ODS, 2011 WL 6339840, at *4 (W.D. Mo. Dec. 16, 2011).

A certificate of appealability should be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires the movant to demonstrate "that reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 464 U.S. 800, 893 n.4 (1983)).  Here, no reasonable jurist would grant this § 2255 motion, and so the Court declines to issue a certificate of appealability.

## Conclusion

For the reasons discussed above, the motion (Doc. 1) is DENIED and the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date:   June 19, 2012                                                 /s/ Greg Kays
                                                                                  GREG KAYS, JUDGE
                                                                                  UNITED STATES DISTRICT COURT